November 29, 1909.

No. 4837.

(Court of Appeal, Parish of Orleans.)

## JAS. DEMORUELLE & SONS vs. MATHIAS LASKA.

C. A. Butler for plaintiff and appellee.

Lazarus, Michel & Lazarus for defendant and appellant.

—14—

ST. PAUL, J.—This is an action for the value of a mule which died of lockjaw, and the effort is made to attribute the death to improper treatment whilst in defendant's care.

It is not shown when the nail was picked up, but it seems that the mule was driven Saturday morning, November 14, 1908, and was limping at the time. (See testimony Alexander, pp. 7 and 8.) On Monday morning (16th), the mule was taken to defendant's place of business, the nail was removed and some pus was found. The wound was properly cleaned and poulticed and a veterinarian called in to attend the animal, defendant himself being a farrier by trade.

The surgeon prescribed for the mule and left a liniment containing tincture of cantharides to be applied to the loins should any stiffness develop. The mule at that time showed symptoms of tetanus, but the symptoms were not considered alarming.

On Wednesday the mule showed signs of stiffness. Defendant's foreman telephoned the surgeon, who directed the application of the liniment to be made, but this was not done until next morning.

On Thursday morning the mule showed unmistakable signs of lockjaw; plaintiff was notified and took the mule away from defendant and placed him in charge of another veterinary surgeon.

The veterinary called in by defendant testifies that the mule would have recovered had he had full charge of him, and that the method of treatment was proper.

The second veterinary testifies that the mule might have recovered, but for the fact that he was blistered by the cantharides.

In as much as the only negligence charged to defendant's account consists of his failure to apply the liniment

on Wednesday, when the first signs of stiffness appeared, we are at a loss, under the testimony of these experts, to conclude whether that negligence was harmful or actually beneficial to the mule.

Nor do we attach any weight to the claims set up by plaintiff that defendant guaranteed to cure the mule. In the first place there is a conflict of evidence on this point, and the only witness who testified affirmatively about this, testifies with equal positiveness that the mule was taken to defendant on November 14th, which was Saturday, and, though uncertain as to the date, is quite certain that it was a Saturday, the very day on which the mule began to limp; whilst the testimony of all other witnesses is that the mule was taken there only on the Monday after having been worked in a lame condition on Saturday.

And this witness is also certain that the mule died the very day he was taken away from defendant, whilst the other testimony is clear that the mule died only several days after. We know of no reason why the testimony of a witness, who is mistaken as to certain material particulars should prevail over the testimony of another witness whose testimony is not subject to the same criticism.

In the second place, even if defendant's foreman did guarantee to cure the mule, we see nothing in that but common "trade talk." It is not difficult, from the evidence, to draw the conclusion that the two veterinary surgeons who saw the mule would have given the same sort of guarantee at the time; but the fact is that they both got a chance at the mule, and yet the mule died.

We know nothing of what may be ethical among farriers; but, among professional men, such guarantees are wholly out of place, and, when given, should be taken at a liberal discount.

The fact is that this suit seems to have been filed

under a misapprehension of fact, the charge in the petition being that defendant, after treating the mule, shod him and declared him cured and fit for work, a contention which plaintiff abandoned as soon as he found that he was in error as to that.

We are of opinion that there is error in the judgment of the District Court, and that judgment should be reversed.

It is, therefore, ordered that the judgment appealed from be reversed, and it is now ordered that plaintiffs' demand be rejected at their costs in both courts.